******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

CHARLENE TAYLOR ET AL. *v.*
THADDEUS TAYLOR
(AC 48455)

Cradle, C. J., and Elgo and Clark, Js.

*Syllabus*

The defendant appealed from the trial court's judgment granting the plaintiffs' application for discharge of a mechanic's lien. The defendant claimed, inter alia, that the court improperly granted the plaintiffs' application on the ground that it was not served on the plaintiffs in the manner required by statute. *Held*:

This court, having reviewed the record of the proceedings before the trial court, the defendant's brief, and the legal principles that applied to the defendant's claims on appeal, concluded that those claims were without merit.

Argued March 24—officially released May 5, 2026

*Procedural History*

Application to discharge a mechanic's lien on certain real property owned by the plaintiffs, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Shaikh, J.*, denied the defendant's motion to dismiss; thereafter, the case was tried to the court, *Chavey, J.*; judgment granting the application, from which the defendant appealed to this court. *Affirmed*.

*Thaddeus Taylor*, self-represented, the appellant (defendant).

*Opinion*

PER CURIAM. The defendant, Thaddeus Taylor, appeals from the judgment of the trial court granting the application for discharge of a mechanic's lien filed by the plaintiffs, Charlene Taylor and Elizabeth Taylor. On appeal, the defendant claims that the court improperly (1) denied his motion to dismiss the application to discharge the mechanic's lien wherein he argued that the plaintiffs did not have standing to file the application because they were not the owners of the subject property, and (2) granted the plaintiffs' application to discharge

the mechanic's lien on the ground that it was not served on the plaintiffs in the manner required by statute. We affirm the judgment of the trial court.

The following facts are relevant to our consideration of this appeal. The plaintiffs are the coadministrators of the estate of Charles Taylor, Jr., who died in March, 2024. The defendant is the brother of Charles Taylor, Jr. On May 21, 2024, the defendant filed a mechanic's lien on the property that was owned by Charles Taylor, Jr., at 44 Guilford Street in Hartford. On July 19, 2024, the plaintiffs filed an application to discharge the mechanic's lien that the defendant had placed on the property on the ground that "[t]here was no proper notice and [they] were not served."

On August 14, 2024, the defendant filed a motion to dismiss the application on the ground that the plaintiffs lacked standing because they were not the rightful owners of the property. The plaintiffs filed an objection to the defendant's motion to dismiss, asserting that they had standing as coadministrators of the estate of Charles Taylor, Jr. Following a hearing, the court, *Shaikh, J.*, denied the defendant's motion to dismiss.[1] The court explained: "All parties agreed that the [plaintiffs] are both cofiduciaries/administrators of the late Charles Taylor, Jr. The court took judicial notice of the fiduciary decree/order to this effect and marked it as a court exhibit. All parties testified that at the time of his death, the subject property, 44 Guilford [Street], Hartford . . . was titled in the name of [Charles Taylor, Jr.]. As coadministrators [of his estate], the [plaintiffs] have authority pursuant to [General Statutes] § 45a-321 for possession, care and control of the property, thereby granting them standing to bring this application." The defendant thereafter filed a motion to reargue, which the court summarily denied.

Thereafter, on February 6, 2025, the court, *Chavey, J.*, held a hearing on the application to discharge the

---

[1] The defendant did not provide to this court the transcript of this hearing.

mechanic's lien. At the outset of that hearing, the court directed the defendant's attention to the application to discharge and the plaintiffs' claim therein that they did not receive notice or service of the filing of the mechanic's lien. When the court asked the defendant what evidence he intended to present to prove that he had served the mechanic's lien on the plaintiffs within thirty days of its filing, the defendant submitted into evidence a letter, dated April 26, 2024, and addressed to the plaintiffs at 175 Roosevelt Street in Hartford. The letter stated, in part, "I'm writing this demand notice to you [as] fiduciaries for the [e]state of Charles Taylor, Jr. . . . [and seeking payment of] $38,000 plus $8,000 for all the work [performed] at 44 Guilford Street . . . ." At the conclusion of the hearing, the court granted the plaintiffs' application to discharge the mechanic's lien on the ground that the defendant failed to establish probable cause that it was served in the manner required by statute.[2] The defendant

[2] The court issued its ruling from the bench, and it was memorialized in a written order on February 13, 2025. In that order, the court explained, inter alia: "At a conference on January 28, 2025, the court discussed with the parties the upcoming hearing on the application to discharge the lien. The court expressly noted that the [plaintiffs] were contesting notice and service and asked [the defendant] if he was prepared to proceed on those issues. He confirmed that he was. The court also noted, pursuant to the language of [General Statutes] § 49-35b (a), that [the defendant] as lienor 'shall first be required to establish that there is probable cause to sustain the validity of his lien.' [The defendant] indicated his understanding that he bore this burden of proof and stated he was prepared to present evidence for that purpose.

"The court held an evidentiary hearing on the application on February 6, 2025. [The defendant] offered his sworn testimony as well as numerous exhibits.

"At the commencement of the hearing, the court again noted that the application at issue challenged notice and service of the lien, and [the defendant] confirmed that his evidence would focus on those issues. [The defendant] offered the mechanic's lien into evidence, and the court admitted it, over the [plaintiffs'] objection. The lien indicates that it was filed against Charles Taylor, Jr., at 175 Roosevelt Street in Hartford, as owner of the property at 44 Guilford Street. The evidence indicated that Charles Taylor, Jr., had died on March 6, 2024.

"[The defendant] also offered into evidence a letter dated April 26, 2024, and addressed to the [plaintiffs] at 175 Roosevelt Street in Hartford; the court admitted it, over the [plaintiffs'] objection. In his

thereafter filed a motion for reconsideration, which the court summarily denied.

As noted previously in this opinion, the defendant challenges on appeal the denial of his motion to dismiss wherein he argued that the plaintiffs lacked standing to file the application to discharge the mechanic's lien and the granting of the application to discharge the mechanic's lien. We have reviewed the record of the proceedings before the trial court, the defendant's brief to this court[3] and the legal principles that apply to the defendant's claims on appeal and conclude that those claims are without merit.

The judgment is affirmed.

sworn testimony, [the defendant] stated [that] he made a request to the [plaintiffs] for payment by sending the letter dated April 26, 2024. The letter's subject line states: 'Re: Estate of Charles Taylor Jr.; Request immediate Payment for work done at 44 Guilford Street, Hartford, CT [$38,000 plus $8000].' The letter states, in part, 'I'm writing this demand notice to you [as] fiduciaries for the Estate of Charles Taylor Jr.' and seeking payment of $38,000 plus $8000 for work performed at 44 Guilford Street. The letter continued, 'if I do not receive my payment entirely or you contact me and make acceptable arrangements within the [seven] days, I will have no other choice but to file a lien of the property and file a civil lawsuit in regards to this matter.' [The defendant] testified that the [plaintiffs] declined to discuss the matter with him or to pay the requested amount.

"Following [the defendant's] completion of his presentation of evidence on February 6, 2025, and as stated on the record on that date, the court finds that the mechanic's lien is invalid because [the defendant] failed to establish probable cause that it was served in the manner required by statute. He did not offer evidence that service of the lien was made on the property owner within thirty days of May 21, 2024. The issue of service was not addressed in the evidence, and the April 26, 2024 letter, which predated the filing of the lien, does not meet the statutory requirements for service.

"After the court stated its ruling on the record on February 6, 2025, [the defendant] argued that he could have presented evidence of service and suggested that he be allowed to do so. The court denied this request, as [the defendant] had a full and fair opportunity to meet his statutory burden as lienor and presented no basis for the court to afford him further opportunity to meet his burden, especially given the express discussion of the issues of notice and service at the January 28, 2025 conference and at the beginning of the February 6, 2025 evidentiary hearing."

[3] The plaintiffs did not file an appellate brief.